[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court (Leheny, J.) on January 13, 1997.
The plaintiff has filed a motion for return of certain personal property as per that decree. The a list of the property in question is contained in "Schedule A" as referred to in Paragraph 8 of the written agreement of the parties that was incorporated into the judgment of January 13, 1997.
Despite a good faith effort by the parties, with the assistance of the Family Relations Office, they have been unable to agree as to the distribution of these assets.
Having heard the parties' respective claims, the court enters the following orders.
As they are enumerated in "Schedule A", possession of the following items of personalty is awarded to the plaintiff:
 Items 1, 2 (except Item 2(a) — gold watch reported to have been returned to jeweler), 3, 5, 7, 8, 9, 10, 12, 15, 17 (8 of 12 place settings only), 19, 21 and 22.
 The plaintiff is also awarded: — the photo album.
As they are enumerated in "Schedule A", possession of the following items is awarded to the defendant:
 Items 2(a), 4, 6, 11, 13, 14, 16, 17 (all remaining pieces), and 20.
 The defendant is also awarded: — the remote for the garage — the Quasar camcorder — the defendant's father's jewelry (including pin, pocketwatch and two silver change purses.
All items are to be turned over to the appropriate party CT Page 8952 within 30 days of this order.
The claim by either party that any of the above-mentioned items have been lost, stolen, conveyed or missing must be set forth in an affidavit sworn to by the party making such claim Such claims, if found to be falsely made, will constitute perjury and contempt of court. Such affidavits are to be filed within the same 30 day period.
By The Court
Joseph W. Doherty Judge